IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-2446-M (BF) |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION and MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States Magistrate Judge for pretrial management. Defendants Federal National Mortgage Association ("FNMA") and Mortgage Electronic Registration Systems ("MERS") have filed a joint Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5). Because the motion relies on matters outside the pleadings, the Court notified the parties that it would treat the motion to dismiss as one for summary judgment. *See* Order, 10/23/12 (Doc. 12) (citing Fed. R. Civ. P. 12(d)). For the following reasons, the Court recommends that the District Court GRANT Defendants' motion and dismiss this action with prejudice.

**Background**

This case arises out of foreclosure proceedings initiated by FNMA against certain real property located at 1311 Summit Street in Mesquite, Texas (the "Summit Street Property"). Plaintiff Sherry Clark ("Plaintiff") purchased the Summit Street Property on or about July 18, 2006. In

connection with her purchase, Plaintiff executed (1) a promissory note (the "Note") payable to Aegis Wholesale Corporation ("Aegis") in the amount of $84,000 and (2) a Deed of Trust in favor of Aegis to secure payment of the Note. *See* Plf. Supp. Resp. (Doc. 13), Exh. A at 1, ¶2 & 2-5; *id.*, Exh D. The Deed of Trust names MERS as the "beneficiary" of the Deed of Trust and the "nominee" for Aegis and its successors and assigns. *Id.,* Exh. D at 1. On November 28, 2011, MERS executed a Transfer and Assignment (the "Assignment") of the Deed of Trust to FNMA, which was recorded in the real property records for Dallas County. *See id.*, Exh. C. FNMA subsequently foreclosed and sold the Summit Street Property at a substitute trustee's sale on March 6, 2012. *See* Def. Not. of Rem. (Doc. 1), Exh. C. Four months later, Plaintiff filed the instant suit in Texas state court.

In her most recent pleading,[1] Plaintiff alleges that FNMA lacked authority to foreclose on the Summit Street Property because MERS never had any interest in the Note that it could assign to FNMA and the assignment of the Deed of Trust separate from the Note was of no force or effect. *See id.*, Exh. B-1 at 3, ¶ 10. Plaintiff further alleges that the Note was "pooled" and "securitized" and, as a result, her mortgage debt is actually owned by unknown investors in residential mortgage-backed securities. *Id*. at 4-5, ¶¶ 12-14. Plaintiff seeks to quiet title to the Summit Street Property in her favor and a declaratory judgment that Defendants have no interest in the Note or Deed of Trust and no right to foreclose on her property. She further requests a refund of all fees and charges paid under the Note and Deed of Trust, unspecified damages, and attorneys' fees. Defendants move to

---

[1] Plaintiff's operative pleading is her original petition filed in Texas state court. Defendants timely removed this case to federal court on the basis of diversity of citizenship. Federal jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *see also* Def. Not. of Rem. at 2-6 & Exh. C (Substitute Trustee's Deed establishing that FNMA purchased the Summit Street Property at foreclosure for $80,068.72) *and Dillard Family Trust v. Chase Home Fin., LLC,* No. 3:11-CV-1740-L, 2011 WL 6747416, at *4 (N.D. Tex. Dec. 23, 2011) (amount in controversy in case that seeks a declaration that quiets title to property is equal to the value of the property).

dismiss on grounds that Plaintiff lacks standing to challenge the assignment of her mortgage loan and that the petition fails to set forth sufficient facts to state a claim for relief. The issues have been fully briefed by the parties, and the motion is ripe for determination.

**Legal Standards**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the nonmovant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the

evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the nonmovant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Conversion to Summary Judgment**

As an initial matter, Plaintiff objects that treating Defendants' motion to dismiss as a motion for summary judgment is premature because the parties have not engaged in any discovery and Plaintiff has not had an opportunity to develop her case. *See* Plf. Supp. Resp. (Doc. 13) at 3-4. Rule 12(d) provides that if, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment[.]" FED. R. CIV. P. 12(d). Here, Defendants reference the Note and Deed of Trust in support of their motion to dismiss. *See* Def. Br. (Doc. 6) at 3, 4. Because the Court found it appropriate to consider these materials in connection with the motion to dismiss,[2] it advised Plaintiff of its intention to treat the motion to dismiss as one for summary judgment and granted Plaintiff 30 days to present competent summary judgment evidence to rebut the motion. *See* Order, 10/23/12 (Doc. 12). Plaintiff filed a supplemental response to Defendants' motion and evidence in support thereof, including copies of the Note, the Deed of Trust, and the Assignment. *See* Plf. Supp. Resp., Exh. A, C & D. Plaintiff thus had "a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Contrary to Plaintiff's contention, Rule 56 does not require that *any* discovery take place before summary judgment can be granted. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). If a party cannot adequately defend a summary judgment motion, Rule 56(d) is her

---

[2] Although the Court could have considered the Note, Deed of Trust, and other foreclosure documents without converting the motion to dismiss to a motion for summary judgment, *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (court may consider materials outside the pleadings on motion to dismiss when those materials are central to plaintiff's claims and are referred to in the complaint); *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 2012 WL 1106932, at *7 (N.D. Tex. Mar. 29, 2012) (court did not convert motion to dismiss into motion for summary judgment upon consideration of loan documents attached to motion because documents were referred to in amended complaint and were central to claims at issue), the interest of judicial efficiency is better served in this case by treating Defendants' motion as one for summary judgment.

remedy. *Id*. (referring to former Rule 56(f)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). Rule 56(d) may not be invoked by the mere assertion that discovery is incomplete. Rather, the opposing party must demonstrate "how the additional time will enable [her] to rebut the movant's allegations of no genuine issue of fact." *Washington*, 901 F.2d at 1286. Here, Plaintiff fails to show why discovery is needed or explain how discovery will allow her to demonstrate a genuine issue of material fact that precludes summary judgment. Her bald assertion that discovery "will enable her to present facts material to her opposition to Defendants' motion," (*see* Plf. Supp. Resp. at 7), fails to demonstrate that she is entitled to Rule 56(d) relief. The Court should overrule Plaintiff's objection that treating Defendants' motion to dismiss as a motion for summary judgment is premature and should proceed to the merits of Plaintiff's claims.

**Analysis**

Plaintiff contends that MERS had no right to assign the Note, which allegedly was "securitized" and sold to unknown investors, and that the assignment of the Deed of Trust to FNMA separate from the Note was of no force or effect. Plaintiff further contends that, because it was never properly assigned any interest in the Note or Deed of Trust, FNMA lacked authority to initiate foreclosure proceedings and sell the Summit Street Property. According to Plaintiff, the purported series of transfers of the Note and/or Deed of Trust by MERS to FNMA "form the heart of [her] factual assertions and . . . causes of action." Plf. Resp. at 2; Plf. Supp. Resp. at 2.

Defendants respond that Plaintiff lacks standing to challenge any assignment of her mortgage loan and attendant documents. Def. Br. at 7-8. This Court agrees. It is well-established that "borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Davis v. Bank of America, N.A.*, 3:11-CV-3276-B, 2012 WL 2679452, at *2 (N.D. Tex. Jul. 6, 2012); *see also, e.g., Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. Jun. 26, 2012) (citing cases). Accordingly, Plaintiff's claims for declaratory judgment and to quiet title, which are based solely on challenges to Defendants' transfer of her loan documents, should be dismissed based on lack of standing. *Metcalf*, 2012 WL 2399369, at *5, 6; *see also Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, *7 (N.D. Tex. Nov. 28, 2012) (dismissing with prejudice due to lack of standing borrower's challenge to assignment of mortgage note and mortgagee's authority to enforce note and foreclose).

Even if Plaintiff had standing to challenge the assignment of her mortgage, her underlying arguments are without merit. The uncontroverted summary judgment evidence in this case establishes that MERS was named as the beneficiary of the Deed of Trust and the nominee for Aegis, Plaintiff's original mortgage lender. Plf. Supp. Resp., Exh. D at 1. The Deed of Trust provided that MERS had the right to foreclose and sell the Summit Street Property. *Id.* at 3. Under Texas law, where a deed of trust expressly provides for MERS to have the power of sale, then MERS has that power. *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D.Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D.Tex. Feb. 21, 2012) (citing *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.--Eastland 2010, pet. denied). There is no additional requirement that MERS own or hold the Note or be the payee of the Note.

In this case, MERS executed an assignment of the Deed of Trust, including the right to exercise the power of sale, to FNMA. *See* Plf. Supp. Resp., Exh. C. FNMA thus had authority to foreclose on the Summit Street Property.

Plaintiff's arguments regarding the "overall workings of the 'MERS system'" are similarly unavailing. Recent opinions by federal courts in this district and others have clarified the role of MERS as a "book entry system" designed to track transfers of beneficial interests and other rights in mortgage loans. *See, e.g. James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, at *3 (N.D. Tex. Mar. 12, 2012) (quoting *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) ("The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans."). Under Texas law, MERS may have the authority to assign the Deed of Trust and the rights therein, including the right to initiate foreclosure proceedings, to third parties. *Id.; Cole*, 2012 WL 555194, at *2. Because the Deed of Trust granted MERS the right to foreclose on the Summit Street Property, and MERS lawfully assigned that right to FNMA, FNMA acted within its rights in foreclosing on Plaintiff's property. *Cole*, 2012 WL 555194, at *2.

Nor is there any merit to Plaintiff's arguments that Defendants' securitization of the Note or the transfer of the Deed of Trust "separate" from the Note rendered FNMA's subsequent foreclosure ineffective. *See Swim v. Bank of America, N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *3 n.25 (N.D. Tex. Jan. 20, 2012) (citing cases rejecting "split the note" theory). Courts have repeatedly held that "a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616, 623 (N.D. Tex. 2011). Because all of Plaintiff's claims are based on the erroneous

8

legal assumption that FNMA lacked authority to foreclose on the Summit Street Property, Defendants are entitled to judgment as a matter of law. *Smith v. Wells Fargo Bank, N.A.*, No. 3:11-CV-1211-M-BD, 2012 WL 4168331 (N.D. Tex. Aug. 27, 2012), *rec. adopted*, 2012 WL 4195875 (N.D. Tex. Sep. 20, 2012) (FNMA and mortgage servicer entitled to summary judgment on plaintiff's claims to quiet title and for declaratory relief where claims were based on flawed theories that defendants lacked authority to foreclose because they did not own her mortgage Note or Deed of Trust and improperly separated the Note from the Deed of Trust when her mortgage loan was securitized).

## Recommendation

For the foregoing reasons, the Court recommends that Defendants' Motion to Dismiss (Doc. 5) should be treated as a motion for summary judgment and should be GRANTED. All of Plaintiff's claims and causes of action against Defendants should be DISMISSED with prejudice.

SO RECOMMENDED, February 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).